**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

BELINDA RODRIGUEZ, individually and as
Parent and Natural Guardian of M.R., an Infant;
and JORGE RUCAL, individually and as Parent
and Natural Guardian of M.R., an Infant,

        Plaintiffs,

   v.               5:15-CV-1178
                    (FJS/ATB)

GEORGE L. STANLEY, M.D.; KENROY
SCOTT, M.D.; SYRACUSE COMMUNITY
HEALTH CENTER, INC.; CHRISTIE
WALKER, M.D.; ALI J. DOYLE, M.D.;
CYNTHIA STRESING, N.P.;
NICHOLAS BARANCO, M.D.; BRIAN
W. THOMPSON, M.D.; MICHAEL
MASTROLEO, RPA-C; JAMES MILLS,
M.D.; and CROUSE HOSPITAL,

        Defendants.

---

**APPEARANCES**            **OF COUNSEL**

**OFFICE OF ROBERT F. JULIAN**    **ROBERT F. JULIAN, ESQ.**
2037 Genesee Street           **STEPHANIE A. PALMER, ESQ.**
Utica, New York 13501
Attorneys for Plaintiffs

**OFFICE OF THE UNITED**       **WILLIAM F. LARKIN, AUSA**
**STATES ATTORNEY**          **MARY E. LANGAN, AUSA**
James Hanley U.S. Courthouse
& Federal Building
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Defendants Stanley, Scott,
Thompson and Syracuse Community Health
Center, Inc.

| | |
|---|---|
| **GALE GALE & HUNT, LLC** | **MICHAEL W. ARTHUR, ESQ.** |
| P.O. Box 6527 | |
| Syracuse, New York 13217 | |
| Attorneys for Defendants | |
| Walker, Doyle, Baranco, and | |
| Crouse Hospital | |
| | |
| **SMITH, SOVIK, KENDRICK** | **JAMES D. LANTIER, ESQ.** |
| **& SUGNET, P.C.** | |
| 250 South Clinton Street, Suite 600 | |
| Syracuse, New York 13202-1252 | |
| Attorneys for Defendants Stresing, | |
| Mastroleo, and Mills | |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On or about February 26, 2015, Plaintiffs filed a suit in New York Supreme Court, County of Onondaga, alleging negligence and medical malpractice in the treatment and care that Defendants provided to Plaintiff Belinda Rodriguez during her pregnancy and the birth of her child, which resulted in their suffering significant damages.

On October 1, 2015, pursuant to 42 U.S.C. § 233(a) and (c), 28 U.S.C. § 1441(a), and 28 U.S.C. § 2679(d)(2), Defendants Syracuse Community Health Center, Inc., Stanley, Scott and Thompson (hereinafter collectively "the Federal Defendants") removed the state-court action to this Court. *See* Dkt. No. 1. The United States Attorney General certified that, at all times alleged in Plaintiffs' complaint, Defendant Syracuse Community Health Center ("SCHC") was a covered entity, thereby satisfying the predicate for removal. *See* Dkt. No. 9-2. Furthermore, the United States Attorney General certified that Defendants Stanley, Scott and Thompson (hereinafter collectively "the Federal Doctors") were acting within the scope of their employment with

Defendant SCHC at all relevant times. Finally, the United States Attorney General certified, pursuant to 42 U.S.C. § 233(g), that the Secretary of Health and Human Services had deemed Defendant SCHC and the Federal Doctors entities and employees of entities respectively, that were, and still are, deemed eligible for Federal Tort Claims Act malpractice coverage.

In their complaint, Plaintiffs alleged that Plaintiff Rodriguez met with Defendant Dr. Stanley at Defendant SCHC for the first time on April 19, 2012, at which time she learned that she was pregnant. *See* Dkt. No. 6, Complaint, at 5. During this initial visit, Plaintiff Rodriguez disclosed that she had suffered two previous miscarriages. *See id.* According to Plaintiffs, current medical standards required that doctors consider progesterone treatment for patients with a history of miscarriage. *See id.* at 6. Plaintiffs also asserted that, despite this standard, during the course of several visits to the Federal Doctors between April 2012 and August 2012, none of them offered her progesterone treatment, and they did not adequately follow up with her. *See id.* Ultimately, Plaintiff Rodriguez delivered her child at 24 5/7 weeks of gestation, and the child suffered significant injuries and neurologic deficits. *See id.* at 10.

On October 14, 2015, the Federal Defendants filed the pending motion to substitute the United States as a Defendant in their places and to dismiss this action against the United States without prejudice because Plaintiffs had failed to submit an administrative claim to the appropriate federal agency. *See* Dkt. No. 9-1.

## II. DISCUSSION

**A.     Substitution of the United States as a Defendant in place of the Federal Defendants**

Plaintiffs do not oppose the Federal Defendants' motion to substitute the United States as a

Defendant in place of Defendant SCHC. Nor do they oppose the Federal Defendants' motion to substitute the United States as a Defendant in place of the Federal Doctors insofar as the Federal Doctors were working within the scope of their employment with Defendant SCHC when they treated Plaintiff Rodriguez. Therefore, pursuant to 28 U.S.C. § 2679(d)(1),[1] the Court grants the Federal Defendants' motion to substitute the United States as a Defendant for Defendant SCHC and for the Federal Doctors insofar as they were acting in the scope of their employment with Defendant SCHC when they treated Plaintiff Rodriguez.

**B.     Dismissal of Defendant United States**

"'[T]he United States, as sovereign, "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotation and other citation omitted).

When Congress enacted the Federal Tort Claims Act ("FTCA"), it waived the United States' immunity from suit under limited circumstances. *See* 28 U.S.C. § 1346(b). To establish federal

---

[1] Section 2679(d)(1) of Title 28 of the United States Code provides that,

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

jurisdiction over a claim arising under the FTCA, a plaintiff must satisfy the requirements of 28 U.S.C. § 2675(a), which provides, in pertinent part, that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a).

In *McNeil v. United States*, 508 U.S. 106 (1993), the Supreme Court, construing the FTCA, held that, when a plaintiff fails to submit an administrative claim pursuant to 28 U.S.C. § 2675(a) prior to commencing a suit, the court lacks jurisdiction to hear that claim. *See id.* at 113.

In this case, Plaintiffs acknowledge that they did not file the required administrative claim prior to commencing this action. Therefore, the Court dismisses this action without prejudice against Defendant United States for lack of jurisdiction.

### C. Request for limited discovery regarding the Federal Doctors' employment status

Plaintiffs request limited discovery regarding the employment status of the Federal Doctors during the time that they treated Plaintiff Rodriguez.² The scope of discovery, including discovery related to jurisdictional facts, "'lies within the district court's discretion.'" *Mwani v. bin Laden*, 417

---

² Although the Federal Defendants do not object to Plaintiffs' request for limited discovery, they do ask the Court to require Plaintiffs to bear any costs associated with that discovery.

F.3d 1, 17 (D.C. Cir. 2005) (quotation omitted). Furthermore, in *Med. Solutions, Inc. v. C Change Surgical LLC*, 468 F. Supp. 2d 130 (D.D.C. 2006), the court held that, when requesting discovery that pertains to the court's jurisdiction, "a plaintiff must make a 'detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce.'" *Id.* at 135 (quoting *United States v. Philip Morris Inc.*, 116 F. Supp. 2d [116,] 130 n.16 [(D.D.C. 2000)]).

In this case, Plaintiffs have asked the Court to allow them to conduct limited discovery to determine whether the Federal Doctors were acting within or outside the scope of their employment with Defendant SCHC when they treated Plaintiff Rodriguez. To support their request, Plaintiffs assert that, if further discovery were to reveal that the Federal Doctors did, in fact, act outside the scope of their employment with Defendant SCHC when they treated Plaintiff Rodriguez, Plaintiffs might be able to maintain state-law claims against them in their individual capacities.

The record shows that the Federal Doctors treated Plaintiff Rodriguez at Defendant SCHC, as well as at Defendant Crouse Hospital and Upstate Hospital.[3] Furthermore, there is some evidence in the record that indicates that Defendant Doctor Thompson may have supervised some resident doctors at Defendant Crouse Hospital. Finally, Plaintiffs assert that they have been unable to obtain Plaintiff Rodriguez' complete medical records regarding the Federal Doctors' treatment of her. Given the record at this time, the Court concludes that limited discovery regarding the issue of whether the Federal Doctors were acting within or outside the scope of their employment with Defendant SCHC when they treated Plaintiff Rodriguez is warranted. Therefore, the Court grants Plaintiffs' motion for such limited discovery; however, Plaintiffs shall bear all the costs associated

---

[3] The fact that the Federal Doctors treated Plaintiff Rodriguez at locations other than at Defendant SCHC does not necessarily indicate that they were acting outside the scope of their employment with Defendant SCHC when they did so.

with that discovery.

### III. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Syracuse Community Health Center's motion to substitute the United States as a Defendant in this action in its place, *see* Dkt. No. 9, is **GRANTED**, and the Clerk of the Court shall **add** the United States as a Defendant in this action and **terminate** Defendant Syracuse Community Health Center as a Defendant in this action; and the Court further

**ORDERS** that Defendants Stanley, Scott, and Thompson's motion to substitute the United States as a Defendant in this action in their places, *see* Dkt. No. 9, is **GRANTED** insofar as these Defendants were acting within the scope of their employment with Syracuse Community Health Center when they treated Plaintiff Rodriguez; and Plaintiffs' claims against Defendants Stanley, Scott and Thompson are **DISMISSED** insofar as these Defendants were acting in the scope of their employment with Syracuse Community Health Center when they treated Plaintiff Rodriguez; and the Court further

**ORDERS** that Plaintiffs' request for limited discovery regarding the issue of whether Defendants Stanley, Scott and Thompson were acting within, or outside, the scope of their employment with Syracuse Community Health Center when they treated Plaintiff Rodriguez is **GRANTED**, and Plaintiffs shall bear all costs associated with said discovery; and the Court further

**ORDERS** that Plaintiffs' claims against Defendant United States are **DISMISSED without prejudice** for lack of jurisdiction, and the Clerk of the Court shall **terminate** Defendant United

States as a Defendant in this action; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Baxter for all further pretrial matters, including setting a schedule for the completion of the limited discovery that this Court has hereby granted to Plaintiffs.

**IT IS SO ORDERED.**

Dated: March 15, 2017
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge